**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

**ALBERT L. BOSCH,**

    **Petitioner,**

**v.**

                                                    **Case No.  05-3046-JWL**

**DAVID R. MCKUNE, WARDEN,**
**LANSING CORRECTIONAL FACILITY,**
**and**
**PHIL KLINE, KANSAS ATTORNEY**
**GENERAL,**

    **Respondents.**

**MEMORANDUM AND ORDER**

This case involves a petition by Mr. Bosch to vacate his state court convictions through habeas review under 28 U.S.C. § 2254. (Doc. 1). Therein, Mr. Bosch contends that: (1) the trial court failed to instruct the jury on aggravated battery as a lesser included offense of attempted first degree murder; (2) the trial court improperly responded to a question from the jury; (3) because there was insufficient evidence, no reasonable finder of fact could convict him of attempted second degree murder; (4) the state of Kansas improperly destroyed evidence in its custody; (5) the prison sentence he received is excessive under the Eighth Amendment; (6) for a variety of reasons, he received ineffective assistance of counsel at trial; (7) he received ineffective assistance of appellate counsel.  As to these challenges, the court finds

that none are actionable as a matter of established Supreme Court precedent.  For the reasons explained below, the court will deny Mr. Bosch's petition for federal habeas relief.

## **Background**

Mr. Bosch filed his petition for a writ of habeas corpus on February 1, 2005.  This petition stemmed from July 1, 1999, when Mr. Bosch was convicted by a jury in the District Court of Shawnee County, Kansas, on one count of attempted second degree murder, one count of aggravated burglary, one count of aggravated battery, three counts of criminal damage to property, and one count of reckless driving.

The trial of Mr. Bosch concerned a series of incidents that occurred on June 17, 1998.  On that day, Mr. Bosch entered into the screened porch and attached garage of the home of Sharon McDaniels in Shawnee County, Kansas, where he stole a weedeater and an air compressor.  Mr. Bosch then drove away as Ms. McDaniels contacted her fiancé, who called the police.

At that point, Officer Bohlender of the Topeka Police Department was driving to work in plain clothes in his unmarked car when he heard a police dispatch about the robbery at Ms. McDaniels's home.  Although the location was outside his jurisdiction, Officer Bohlender was nearby and headed that way.  He testified that as he approached Ms. McDaniels's residence, he observed a car driving away.

He followed the car for some time because its driver was traveling at a high rate of speed, and after catching up to it he placed a portable "Kojak" emergency light atop his car and pulled over the suspected car.  After Officer Bohlender stopped his car behind the suspected

car, the suspected driver shifted his car into reverse and rammed the front of Officer Bohlender's car.  The suspect car then fled the scene, and Officer Bohlender pursued it. Officer Bohlender testified that the suspect car drove at either him or his car numerous times. Officer Bohlender testified that he fired his gun at the car.  Eventually, after a series of rammings and pursuits, the suspect car escaped because Officer Bohlender's car became disabled.  The police, however, eventually found the suspect car and connected it to Mr. Bosch. Ms. McDaniels also identified Mr. Bosch as the thief she saw stealing her weedeater and air compressor.

In his defense, Mr. Bosch established through cross-examination that several of the state's witnesses provided inconsistent testimony.  He alleged that there was insufficient evidence to support his specific intent to commit attempted murder.

Upon being convicted on all counts charged, Mr. Bosch was sentenced to a prison term of 776 months on July 29, 1999.  He appealed to the Kansas Court of Appeals, and that court affirmed his convictions. The Kansas Supreme Court denied review on July 11, 2001.  Later, on July 3, 2002, Mr. Bosch filed a petition for writ of habeas corpus under K.S.A. 60-1507 in the District Court of Shawnee County, Kansas.  That court denied Mr. Bosch's section 1507 petition, and the Kansas Court of Appeals affirmed the denial.  Once again, the Kansas Supreme Court denied review.  The matter is now before the court on Mr. Bosch's section 2254 federal habeas petition.

**Standard of Review**

Because Mr. Bosch "filed his habeas petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this appeal." *Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citations omitted). The AEDPA "circumscribes a federal habeas court's review of a state-court decision." *Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (quotations omitted). Because the Kansas Court of Appeals reviewed the merits of Mr. Bosch's claims, "habeas relief is not warranted unless the state adjudication "(1) . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Martinez*, 330 F.3d at 1262 (quoting § 2254(d)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, the Court in *Williams* stressed that the relevant inquiry is not whether the state court's application of federal law was incorrect, but whether it was 'objectively unreasonable.'" *Anderson*, 327 F.3d at 1153 (citing *Williams*, 529 U.S. at 409).

The court presumes "that factual determinations made by the state court are correct, and the petitioner bears the burden of rebutting this presumption with clear and convincing evidence." *Martinez*, 330 F.3d at 1262 (citing § 2254(e)(1); *Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002)). "This presumption does not extend to legal determinations or to

4

mixed questions of law and fact." *Id*. (citing *Herrera v. Lemaster*, 225 F.3d 1176, 1178-79 (10th Cir. 2000)). "That is, the 'deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue.'" *Id*. (quoting *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003)). "Ultimately, our review of the state court's proceedings is quite limited, as section 2254(d) sets forth a highly deferential standard for evaluating state-court rulings." *Anderson*, 327 F.3d at 1152.

## Analysis

### 1. Failure to Instruct on a Lesser Included Offense

Mr. Bosch's first alleges that the trial court improperly refused his request for a jury instruction on the lesser included offense of voluntary manslaughter. That failure, he claims, is a constitutional violation. The Tenth Circuit, however, has rejected this challenge: "The Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases, and neither has this court. Our precedents establish a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (internal citations omitted). His first challenge therefore fails.

### 2. The Trial Court's Written Answers to Questions from the Jury

Next, Mr. Bosch contends that the trial judge erred in responding to a jury question about the location of the underlying events of the case. When presented with a question from the jury regarding the jury instructions, the trial court "'should clear'" away confusion "'with concrete accuracy.'" *United States v. Powell*, 226 F.3d 1181, 1193 (10th Cir. 2000) (quoting

5

*Bollenbach v. United States*, 326 U.S. 607, 612-13 (1946)). The judge here simply responded that the events needed to occur in Shawnee County in order to convict Mr. Bosch, clearing away any confusion the jury might have had. As this was a correct statement of law, there was no error. *See id.* (affirming the trial court's answer because it "was an accurate statement of the law").

## 3. The Sufficiency of the Evidence to Support Mr. Bosch's Conviction for Attempted Second Degree Murder

In evaluating Mr. Bosch's claim that there is insufficient evidence to support his conviction, the test is "whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational finder of fact could have found the defendant guilty beyond a reasonable doubt." *Upchurch v. Bruce*, 333 F.3d 1158, 1165 (10th Cir. 2003) (quoting *State v. Jamison*, 269 Kan. 564 (2000)). This court's scope of review is extremely constrained. *See Rodriguez v. Snedeker*, 143 Fed. Appx. 974, 2005 WL 1910797 (10th Cir. 2005) (noting that the "relevant question is whether, viewing evidence in light most favorable to prosecution, *any* rational trier of fact could find all essential elements proved beyond a reasonable doubt") (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The Kansas Court of Appeals addressed Mr. Bosch's argument regarding this issue, and it found the evidence could support a conviction. Given the Tenth Circuit's guidance in *Torres v. Mullin,* 317 F.3d 1145 (10th Cir. 2003), this court will affirm the Kansas Court of Appeals finding on this issue. *Id.* at 1154-55 (refusing to vacate a conviction under the *Jackson* standard even though the defendant's guilt was not conclusive). *See also*

*Bollenbach v. United States*, 326 U.S. 607, 612-13 (1946)). The judge here simply responded that the events needed to occur in Shawnee County in order to convict Mr. Bosch, clearing away any confusion the jury might have had. As this was a correct statement of law, there was no error. *See id.* (affirming the trial court's answer because it "was an accurate statement of the law").

**3.     The Sufficiency of the Evidence to Support Mr. Bosch's Conviction for Attempted Second Degree Murder**

In evaluating Mr. Bosch's claim that there is insufficient evidence to support his conviction, the test is "whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational finder of fact could have found the defendant guilty beyond a reasonable doubt." *Upchurch v. Bruce*, 333 F.3d 1158, 1165 (10th Cir. 2003) (quoting *State v. Jamison*, 269 Kan. 564 (2000)). This court's scope of review is extremely constrained. *See Rodriguez v. Snedeker*, 143 Fed. Appx. 974, 2005 WL 1910797 (10th Cir. 2005) (noting that the "relevant question is whether, viewing evidence in light most favorable to prosecution, *any* rational trier of fact could find all essential elements proved beyond a reasonable doubt") (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The Kansas Court of Appeals addressed Mr. Bosch's argument regarding this issue, and it found the evidence could support a conviction. Given the Tenth Circuit's guidance in *Torres v. Mullin,* 317 F.3d 1145 (10th Cir. 2003), this court will affirm the Kansas Court of Appeals finding on this issue. *Id.* at 1154-55 (refusing to vacate a conviction under the *Jackson* standard even though the defendant's guilt was not conclusive). *See also*

*Upchurch*, 333 F.3d at 1166 (refusing to vacate the defendant's sentence because of the daunting federal habeas standard even when it was unclear whether the facts as alleged supported the conviction).

**4.     The Destruction of Evidence by the State of Kansas in its Possession**

Mr. Bosch next alleges that the state of Kansas intentionally destroyed the car Mr. Bosch used in the underlying events of this case. He claims that had the car been retained so he could inspect it, he could have conducted an examination of it to prove that it was defective, which would have negated his specific intent to attempt to murder Office Bohlender.

That argument, however, ignores existing Supreme Court precedent. In *Arizona v. Youngblood*, 488 U.S. 51 (1988), the Supreme Court "granted certiorari to consider the extent to which the Due Process Clause of the Fourteenth Amendment requires the State to preserve evidentiary material that might be useful to a criminal defendant." *Id.* at 52. There, the Court held "that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.* at 58. As the state of Kansas argues, at most Mr. Bosch can establish negligence, which under *Youngblood* is not enough to trigger a due process violation. Further, the state did not conceal the evidence from Mr. Bosch, and in fact it allowed him to inspect and photograph the evidence. Mr. Bosch's attempt to transform the destruction of the vehicle into a shrouded conspiracy of deceit is unsupported. In the absence of bad faith by the state of Kansas, this claim fails under the guidance in *Youngblood*. *Id*.

**5.     The Constitutional Permissibility of the Length of Mr. Bosch's Sentence**

Mr. Bosch also alleges that the length of his sentence is impermissibly long in violation of the Eighth Amendment. In *Ewing v. California*, 538 U.S. 11 (2003), however, the Supreme Court observed that "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Id.* at 21 (citation omitted). On the contrary, "'the primacy of the legislature, the variety of legitimate penological schemes, the nature of our federal system, and the requirement that proportionality review be guided by objective factors' inform the final principle that the 'Eighth Amendment does not require strict proportionality between crime and sentence [but] forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id*. at 11-12 (citation omitted). That framework constrains this court's review.

Mr. Bosch challenges the length of his sentence for attempted second degree murder, which is undeniably both a violent and a severe crime. "By way of comparison, the Supreme Court has found that a life sentence without parole is not disproportionate to the crime of possession of 672 grams of cocaine, and that a life sentence with the possibility of parole is not disproportionate for a three-time non-violent recidivist. If these offenses warrant such severe punishments,"*Hawkins v. Hargett*, 200 F.3d 1279, 1284 (10th Cir. 1999), then by implication Mr. Bosch's sentence is not constitutionally unreasonable. Moreover, all of the sentences imposed on Mr. Bosch "were within the permissible statutory range for the offenses he committed. We are reluctant to interfere with the legislative determination of an appropriate sentence range.*"  Hawkins v. Hargett*, 200 F.3d 1279,1284-85 (10th Cir. 1999) (citing *Rummel v. Estelle*, 445 U.S. 263, 274 (1980); *United States v. Youngpeter*, 986 F.2d

349, 355 (10th Cir.1993)). At bottom, the length of his sentence cannot be said to be unreasonable in light of the deferential standard that binds this court's analysis. *See Lockyear v. Andrade*, 538 U.S. 63, 72-73 (2003) (observing numerous impediments to challenging the length of a prison sentence under federal habeas review).

**6.     The Alleged Ineffective Assistance of Trial Counsel**

For numerous separate reasons examined below, Mr. Bosch alleges a violation of his Sixth Amendment right to effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong framework for evaluating claims of ineffective assistance of counsel under the Sixth Amendment. Under *Strickland*, Mr. Bosch must first show that his counsel's performance "fell below an objective standard of reasonableness." *Id*. at 688. "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690).

Second, Mr. Bosch "must show that counsel's deficient performance prejudiced the defense, depriving the petitioner of a fair trial with a reliable result." *Le v. Mullin*, 311 F.3d 1002, 1024-25 (10th Cir. 2002). Under this prong, Mr. Bosch must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 1025 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Bullock*, 297 F.3d at 1044. The court "may address the performance and prejudice components in any order, but need not address both if [Mr. Bosch] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir.1998).

**a.     Witnesses and Evidence Not Called or Presented**

To the extent Mr. Bosch argues that his counsel was ineffective for not calling witnesses or introducing exhibits, the court finds that the Kansas Court of Appeals decision in Mr. Bosch's direct appeal refutes in-depth all of Mr. Bosch's arguments. Specifically, that court noted that Mr. Bosch's counsel engaged in an extensive discussion with his client both on and off the record in support of his decision not to call certain witnesses. As the trial court and the appellate state courts all found, the defense attorney's trial tactics and strategy are not subject to federal habeas hindsight review. Further, Mr. Bosch's counsel is not required to call witnesses and introduce exhibits that will not aid his client, and "[c]ounsel is not ineffective for failing to advance a futile argument." *Scott v. Romero,* slip copy, 2005 WL 2865173, *2 (10th Cir. 2005) (citing *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994) ("To be ineffective, the representation must have been such as to make the trial a mockery, sham, or farce, or resulted in the deprivation of constitutional rights.")).

The Tenth Circuit consistently has refused to second-guess a defense attorney's trial tactics. Recently, in answer to a petitioner's claim that his attorney had unreasonably refused to call certain witnesses on his behalf, the court held that counsel's "decision to focus on the weaknesses of" those witnesses offered by the government who did testify "was, under the circumstances, a reasonable tactical decision." *Thao v. Conover*, slip copy, 2005 WL

3475796, \*4 (10th Cir. Dec. 20, 2005). "'We cannot say that this strategic decision fell outside 'the wide range of reasonable professional assistance,' 'or that counsel was constitutionally ineffective in choosing not to call [the petitioner's] proposed witnesses." *Id*. (citing *Parker v. Scott*, 394 F.3d 1302, 1323 (10th Cir.2005) (reviewing strategic decisions not to call certain witnesses, quoting *Strickland*, 466 U.S. at 689); *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir.2000) ("For counsel's actions to rise to the level of constitutional ineffectiveness, his strategic decisions must have been completely unreasonable, not merely wrong, so that they bear no relationship to a possible defense strategy.")).

**b.  Violation by Counsel of Mr. Bosch's Right to Testify**

Mr. Bosch also alleges that his attorney effectively denied him the right to testify in his own defense. Undoubtedly, Mr. Bosch "has the right to take the witness stand and to testify in his . . . own defense." *Rock v. Arkansas*, 483 U.S. 44, 49 (1987). Also, "[t]he decision whether to testify lies solely with the defendant." *United States v. Hollis*, 191 F. Supp. 2d 1257, 1269 (D. Kan. 2002).

The record reflects that Mr. Bosch made a knowing waiver not to take the witness stand after a comprehensive discussion with his attorney. After his attorney stated that he had advised Mr. Bosch of his right to testify, Mr. Bosch testified to the trial judge: "Well, it's against my better judgment, but everyone else has kind of a strong impact on me of the way I perceive it, but the intent factor is probably what we're after, and I feel confident the jury will probably make the decision." The judge then asked: "So, your decision is not to testify?" And Mr. Bosch responded: "Yeah." Thus, Mr. Bosch made a knowing and informed waiver of his

11

right to testify.

Finally, to the extent he claims that he did not take the stand in reliance upon his belief that his attorney would call additional witnesses, he fails to substantiate this seemingly newfound claim. In the absence of more detailed allegations, the court cannot grant habeas relief on this undeveloped argument, especially because the record reflects that both his attorney and the trial judge specifically found that Mr. Bosch's additional witnesses and evidence would not have offered anything material to his defense.

**c.      Failure to File Motion in Limine**

Likewise, Mr. Bosch's challenge involving his counsel's failure to file a motion in limine regarding Officer Bohlender's status as an off-duty police officer is not an issue of federal or constitutional significance. To the extent Mr. Bosch challenges his conviction under Officer Bohlender's status as a private citizen under K.S.A. 22-2402, this is an issue of state law subject to interpretation exclusively by Kansas state courts. There is simply not a constitutional implication to this argument that allows this court to undertake review. *See Montez,* 208 F.3d at 865 (no federal habeas review of state law issues).

**d.      Conflict of Interest**

Mr. Bosch's Sixth Amendment right to counsel includes the "right to representation that is free from conflicts of interest." *United States v. Bowie*, 892 F.2d 1494, 1500 (10th Cir. 1990). In this case, Mr. Bosch cannot establish a conflict of interest with his attorney simply because they disagreed about the strategy of the case. The Tenth Circuit never has recognized habeas relief based on facts analogous to the facts of this case. *See Hale v. Gibson*, 227 F.3d

1298, 1313 (10th Cir. 2000).

### e.     Failure to Object to Jury Instruction Number 26

Mr. Bosch also challenges his trial attorney's failure to challenge jury instruction number 26.  This argument fails as a matter of established precedent because as the "submission of the jury instruction rested on state law, rather than a federal constitutional or statutory question, we may not review it on collateral attack." *Bilderback v. Abbott*, 107 Fed. Appx. 852 (10th Cir. 2004) (citing 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67068; *Williams*, 529 U.S. at 413).

### f.     Counsel's Guilt-Based Defense

Mr. Bosch next challenges his convictions on the basis that his attorney abandoned his defense during closing argument by conceding to the jury that Mr. Bosch committed some of the lesser crimes with which he was charged.  Given that evidence of his guilt of these lesser crimes was strong, it was not unreasonable under *Strickland* for his counsel to make some concessions in order to gain credibility in arguing against the charges with substantially higher punishments.  Indeed, it is common for defense attorney's to take this course.  Because the primary crime here was attempted murder, it was not unreasonable for Mr. Bosch's counsel to aim his efforts on this defense.  *See United States v. Williamson*, 53 F.3d 1500, 1512 (10th Cir. 1995) (recognizing the need for defense counsel in a closing statement to focus on the main arguments and make concessions on other areas when necessary); *Compton v. Lyle*, 173 F.3d 863, *3, 1999 WL 176160 (10th Cir. 1999).  This court may not glance back in hindsight and impose its own subjective wisdom on the defense counsel's closing statement strategy.

### g. Failure to Object to Selective Prosecution

"Claims of selective prosecution have been recognized by the Supreme Court for well over a century." *United States v. Deberry*, 430 F.3d 1294, 1298 (10th Cir. 2005). Despite recognizing the claim, however, the Tenth Circuit recently emphasized the daunting standard facing a petitioner who raises a claim of selective prosecution:

> Caution is required when evaluating selective-prosecution claims. The defendant is asking the judiciary to exercise power over a "special province" of the executive branch, a province in which, for good reason, the executive possesses broad discretion. The decision to prosecute "is particularly ill-suited to judicial review." "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." Moreover, judicial review of prosecutorial decisions can "chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy." Accordingly, "the presumption of regularity supports . . . prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties." As the Supreme Court has noted, "the standard [for proving a selective-prosecution claim] is a demanding one."

*United States v. Deberry*, 430 F.3d 1294, 1299 (10th Cir. 2005) (internal citations omitted).

Given this standard, Mr. Bosch's allegation of selective prosecution fails to meet the *Strickland* test for objective unreasonableness. Far from showing that the Topeka Police Department targeted him because of membership in a protected class, Mr. Bosch's allegations amount to nothing more than second-guessing the decision to prosecute his case. That decision was discretionary and within the executive province. In any event, Mr. Bosch has not shown that the decision of trial counsel not to raise this argument created "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

14

have been different." *Strickland*, 466 U.S. at 694.

### 8. Ineffective Assistance of Appellate Counsel

Mr. Bosch's challenge based on ineffective assistance of appellate counsel is governed under the same standard as his challenge to trial counsel. *Upchurch*, 333 F.3d at 1164. Although it is possible to bring a *Strickland* claim based on counsel's failure to raise a particular issue, "it is difficult to demonstrate that counsel was incompetent." *Id*. In order to evaluate appellate counsel's performance, "we look to the merits of the omitted issue." *Cargle*, 317 F.3d at 1202 (quotation omitted). "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance. . . ." *Id*. On the other hand, if the omitted issue "has merit but is not so compelling, . . . [we must assess] . . . the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." *Id.*

Given the consistent trend against granting habeas relief based on failure of appellate counsel, the court heeds the Tenth Circuit's caution and finds that Mr. Bosch's argument of ineffective assistance of appellate counsel is meritless:

> Even were we to conclude that [the petitioner's] counsel provided objectively deficient assistance, we cannot say that the KCOA's decision to the contrary was unreasonable. As the Supreme Court has iterated time and again, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 409. Constrained by AEDPA's

15

> deferential standard of review, we hold that it was not unreasonable for the KCOA to conclude that [the petitioner] received effective assistance of appellate counsel.

*Upchurch v. Bruce*, 333 F.3d at 1167.

## Conclusion

For the above reasons, the court finds that Mr. Bosch is not entitled to federal habeas relief. His petition is therefore denied, and his convictions in state court are affirmed.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Bosch's petition for section 2254 habeas relief (doc. 1) is hereby denied.

**IT IS SO ORDERED** this 9th day of January, 2006.

                                                          s/ John W. Lungstrum
                                                          John W. Lungstrum
                                                          United States District Judge