# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

**ALBERT L. BOSCH,**

       **Petitioner,**

**v.**

                                **Case No.  05-3046-JWL**

**DAVID R. MCKUNE, WARDEN,**
**LANSING CORRECTIONAL FACILITY,**
**and**
**PHIL KLINE, KANSAS ATTORNEY**
**GENERAL,**

       **Respondents.**

## MEMORANDUM AND ORDER

On January 10, 2006, this court entered judgment denying Mr. Bosch's request for section 2254 habeas relief to vacate his Kansas state court convictions.  This matter comes before the court on his motion to reconsider (doc. 61), which he filed on January 24, 2006. In his motion to reconsider, Mr. Bosch urges the court to reexamine each of his original challenges to his state court convictions: (1) the trial court failed to instruct the jury on aggravated battery as a lesser included offense of attempted first degree murder; (2) the trial court improperly responded to a question from the jury; (3) because there was insufficient evidence, no reasonable finder of fact could convict him of attempted second degree murder; (4) the state of Kansas improperly destroyed evidence in its custody; (5) the prison sentence

1

he received is excessive under the Eighth Amendment; (6) for a variety of reasons, he received ineffective assistance of counsel at trial; (7) he received ineffective assistance of appellate counsel.  As to these challenges, the court finds that Mr. Bosch has not articulated any reason for the court to alter or amend its earlier judgment denying habeas relief.  For the reasons explained below, therefore, the motion to reconsider (doc. 61) is denied.

## **Background**

Mr. Bosch filed his petition for a writ of habeas corpus on February 1, 2005.  This petition stemmed from July 1, 1999, when Mr. Bosch was convicted by a jury in the District Court of Shawnee County, Kansas, on one count of attempted second degree murder, one count of aggravated burglary, one count of aggravated battery, three counts of criminal damage to property, and one count of reckless driving.

The trial of Mr. Bosch concerned a series of incidents that occurred on June 17, 1998.  On that day, Mr. Bosch entered into the screened porch and attached garage of the home of Sharon McDaniels in Shawnee County, Kansas, where he stole a weedeater and an air compressor.  Mr. Bosch then drove away as Ms. McDaniels contacted her fiancé, who called the police.

At that point, Officer Bohlender of the Topeka Police Department was driving to work in plain clothes in his unmarked car when he heard a police dispatch about the robbery at Ms. McDaniels's home.  Although the location was outside his jurisdiction, Officer Bohlender was nearby and headed that way.  He testified that as he approached Ms. McDaniels's residence, he observed a car driving away.

2

He followed the car for some time because its driver was traveling at a high rate of speed, and after catching up to it he placed a portable "Kojak" emergency light atop his car and pulled over the suspected car.   After Officer Bohlender stopped his car behind the suspected car, the suspected driver shifted his car into reverse and rammed the front of Officer Bohlender's car.   The suspect car then fled the scene, and Officer Bohlender pursued it. Officer Bohlender testified that the suspect car drove at either him or his car numerous times. Officer Bohlender testified that he fired his gun at the car.   Eventually, after a series of rammings and pursuits, the suspect car escaped because Officer Bohlender's car became disabled.   The police, however, eventually found the suspect car and connected it to Mr. Bosch. Ms. McDaniels also identified Mr. Bosch as the thief she saw stealing her weedeater and air compressor.

In his defense, Mr. Bosch established through cross-examination that several of the state's witnesses provided inconsistent testimony.   He alleged that there was insufficient evidence to support his specific intent to commit attempted murder.

Upon being convicted on all counts charged, Mr. Bosch was sentenced to a prison term of 776 months on July 29, 1999.   He appealed to the Kansas Court of Appeals, and that court affirmed his convictions. The Kansas Supreme Court denied review on July 11, 2001.   Later, on July 3, 2002, Mr. Bosch filed a petition for writ of habeas corpus under K.S.A. 60-1507 in the District Court of Shawnee County, Kansas.   That court denied Mr. Bosch's section 1507 petition, and the Kansas Court of Appeals affirmed the denial.   Once again, the Kansas Supreme Court denied review.   This court previously entered judgment denying Mr. Bosch's petition for

relief, and this matter is now before the court on Mr. Bosch's motion for the court to reconsider its judgment.

### Standard of Review for a Motion to Reconsider

The court possesses discretion whether to grant Mr. Bosch's motion to reconsider.[1] *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 (10th Cir. 2000). Because he filed the motion "within 10 days of the district court's entry of judgment," the court analyzes the motion under Federal Rule of Civil Procedure 59(e). *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

Under Rule 59(e), a motion to reconsider "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Adams*, 225 F.3d at 1186 n.5. A motion to reconsider is not an opportunity to rehash rejected arguments or to offer new legal theories or facts that were available but undeveloped in prior briefing. *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994); *Demster v. City of Lenexa*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005); *Theno v. Tonganoxie Unified School Dist No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005). In other words, the motion

---

[1] In a subsequent filing with the court, Mr. Bosch contended that the court has "improperly and inappropriately" titled his motion a motion for reconsideration because his motion attacks "ALL Of the rulings by this Court. . . ." In fact, Mr. Bosch labeled his motion as "Motion to Object the Ruling of the United States District Court for the District of Kansas, and Additional Findings of Fact Pursuant to Supreme Court Rule .52." The clerk's office docketed the motion as a Motion for Reconsideration. The court does not find any reason to address his motion differently, however, simply because he attacks all of the conclusions reached  in the court's earlier memorandum and order supporting its judgment. Further, he does not explain why a different standard of review should govern his motion.

is inappropriate "if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally." *McCormick v. City of Lawrence*, 2006 WL 839456, *1 (D. Kan. 2006).

As a pro se litigant, Mr. Bosch is entitled to leniency, and the court liberally construes his allegations. *See Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994). The court, however, may not become an advocate for Mr. Bosch. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### Standard of Review for Section 2254 Habeas Claims

Because Mr. Bosch "filed his habeas petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this appeal." *Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citations omitted). The AEDPA "circumscribes a federal habeas court's review of a state-court decision." *Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (quotations omitted). Because the Kansas Court of Appeals reviewed the merits of Mr. Bosch's claims, "habeas relief is not warranted unless the state adjudication "(1) . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Martinez*, 330 F.3d at 1262 (quoting § 2254(d)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of

5

materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application' clause, the Court in *Williams* stressed that the relevant inquiry is not whether the state court's application of federal law was incorrect, but whether it was 'objectively unreasonable.'" *Anderson*, 327 F.3d at 1153 (citing *Williams*, 529 U.S. at 409).

The court presumes "that factual determinations made by the state court are correct, and the petitioner bears the burden of rebutting this presumption with clear and convincing evidence." *Martinez*, 330 F.3d at 1262 (citing § 2254(e)(1); *Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002)).  "This presumption does not extend to legal determinations or to mixed questions of law and fact." *Id.* (citing *Herrera v. Lemaster*, 225 F.3d 1176, 1178-79 (10th Cir. 2000)).  "That is, the 'deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue.'" *Id.* (quoting *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003)).  "Ultimately, our review of the state court's proceedings is quite limited, as section 2254(d) sets forth a highly deferential standard for evaluating state-court rulings." *Anderson*, 327 F.3d at 1152.

<u>**Analysis**</u>

In the bulk of Mr. Bosch's motion to reconsider, he simply rephrases the same arguments he raised in his petition.  This obviously does not cause the court to alter its conclusions.  As a result, there is no reason for the court to restate its earlier analysis.  As stated above, a motion to reconsider is not a vehicle to recast arguments that the court already has rejected. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (a motion to reconsider may not be used to reargue issues previously addressed by the court).

6

Moreover, "[a] district court does not abuse its discretion in denying a motion to reconsider where the petitioner simply 'revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court.'" *Hilliard v. District Court Of Comanche County*, 100 Fed. Appx. 816,  819 (10th Cir. 2004) (quoting *Van Skiver*, 952 F.2d at 1243).

Although the majority of his motion is not pertinent, Mr. Bosch does make relevant arguments regarding a few of the issues he raised in his petition.    The court will address each in turn.

**1.      Ineffective Assistance of Trial Counsel**

**a.      Failure to Call Witnesses**

As to his claim that he was denied ineffective assistance of trial counsel because his attorney did not call several witnesses who allegedly would have testified that Mr. Bosch was the victim of an illegal police chase, Mr. Bosch has not provided any affidavits from these proposed witnesses.  Instead, he merely has stated what he predicts or hopes these witnesses would have testified to, and that is insufficient to warrant an evidentiary hearing on the matter. *See, e.g., United States v. Cosby*, 983 F. Supp. 1022, 1026 (D. Kan. 1997) (refusing to consider defendant's assertions about how an alleged alibi witness would have testified because defendant did not obtain an affidavit explaining the witness's proposed testimony in his own sworn statement); *United States v. Davis*, 939 F. Supp. 810, 813-14 (D. Kan. 1996) (same); *United States v. Powell*, 2004 WL 1534176, *5-6 (D. Kan. 2004) (collecting cases).

Further, on March 29, 2006, the court received an affidavit from Mary L. Lininger and a list of friends and family who stated their belief that Mr. Bosch deserved a new trial.  Neither

7

of these submissions is sufficient support for an evidentiary hearing. Merely obtaining a list of people who "think" or "believe" a defendant is innocent has never been held to constitute support for granting an evidentiary hearing. Moreover, this list of names is not certified, no signatures are included, and most importantly, it was submitted well over three months after the court entered its judgment denying Mr. Bosch's habeas petition. In addition, the court also disregards the affidavit from Ms. Lininger alleging that Topeka police officers demanded in bad faith that a Topeka scrap yard crush Mr. Bosch's car. Mr. Bosch did not submit this affidavit with his motion to reconsider, and the court entered a show cause order for him to explain why the court should even consider it. In response to that order, Mr. Bosch stated that "[t]he affidavit forwarded to this Court, submitted by Ms. Lininger was not at the request of or known by the petitioner in order to clear up the Court's cunfusion [sic]." We will take him at his word and therefore the court finds no basis to consider it. Entirely independent of that reason, Mr. Bosch does not contend that this newly submitted information constitutes evidence that previously was unavailable, and for that reason, as well, the court did not consider the affidavit submitted by Ms. Lininger or the list of names of people who believe Mr. Bosch deserves a new trial.

### b.      Selective and Discriminatory Prosecution

As to his claim for ineffective assistance of trial counsel regarding selective and discriminatory prosecution, Mr. Bosch argues that this court's memorandum and order (doc. 52) addressed his selective prosecution challenge but not his discriminatory prosecution challenge. The court already dealt with his claim of selective prosecution, and

he does not provide any reason for the court to change its conclusion.

Regarding discriminatory prosecution, the court initially notes that any distinction between "selective" and "discriminatory" prosecution is semantic, as they are used interchangeably.  For instance, in *United States v. Bass*, 536 U.S. 862 (2002), the Supreme Court observed that "a defendant who seeks discovery on a claim of selective prosecution must show some evidence of both discriminatory effect and discriminatory intent."  *Id.* at 863 (citing *United States v. Armstrong,* 517 U.S. 456 (1996)).  Thus, the court's earlier analysis regarding selective prosecution applies with equal force to the challenge of discriminatory prosecution, as those terms are synonymous in this context.

Even if the court separately analyzes selective and discriminatory prosecution, however, there is nothing to support Mr. Bosch's allegation.  Mr. Bosch merely attached a newspaper article from *The Topeka Capital-Journal*, on May 31, 1999, that indicates the Shawnee County prosecutors allegedly had a "no plea bargain" rule in effect around the time of Mr. Bosch's convictions, and he further alleges that other inmates he talked to in the Topeka jail pending his convictions stated that they were facing lesser charges based on the same conduct he committed.

Even if the court were to consider the unconfirmed speculation in the newspaper article, Mr. Bosch's "discriminatory prosecution" argument would lack merit.  Usually, "'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'"  *United States v. Armstrong*,

9

517 U.S. 456, 464 (1996) (citation omitted); *see also Cooper v. Sedgwick County,* 206 F. Supp. 2d 1126, 1144 (D. Kan. 2002) ("some degree of selectivity is to be expected"). Moreover, selective or discriminatory prosecution is proscribed if based on race or another protected class of people under the Fourteenth Amendment.  Here, Mr. Bosch does not allege that he was racially targeted.  Instead, he simply contends that no plea bargains were offered around the time of his trial.  That is not a recognized basis for a claim of discriminatory or selective prosecution, and Mr. Bosch has not come forward with enough evidence to demonstrate anything more than conjecture as to why he was charged with attempted second degree murder while others were not.  *See United States v. Alcaraz-Arellano,* — F.3d —,  2006 WL 805323, *11-12 (10th Cir. 2006) (rejecting discriminatory prosecution claim because the defendant failed to show why he was entitled to further discovery to substantiate his allegations).

**3.       Ineffective Assistance of Appellate Counsel**

Mr. Bosch also contends that he received ineffective assistance of appellate counsel because his counsel did not argue that the judge issued the wrong jury instruction relating to voluntary manslaughter at his trial.  In his brief, Mr. Bosch argues that while his appeal was pending, the Kansas Court of Appeals issued its decision in *State v. Cribbs*, 29 Kan. App. 2d 919 (2001), which held that it was error for the trial judge in that case to issue the "Alternative A" voluntary manslaughter instruction, as opposed to the "Alternative B" instruction.

Although Mr. Bosch suggests that the opinion in *State v. Cribbs* was issued while

10

his appeal was pending, the record reveals that his assertion is incorrect.  To begin, on May 11, 2001,  the Kansas Court of Appeals affirmed Mr. Bosch's conviction.  On July 11, 2001, the Kansas Supreme Court denied review.  Then, nearly four months later on November 9, 2001, the Kansas Court of Appeals issued its decision in *State v. Cribbs*. Thus, because the opinion in *State v. Cribbs* was not issued until four months after Mr. Bosch's direct appeal was completely denied, Mr. Bosch's appellate counsel cannot be deemed ineffective.  Indeed, it is not possible to argue the point raised in a decision that does not yet exist.

To the extent that Mr. Bosch is arguing that his appellate counsel should have known that the victorious point of error identified in *Cribbs* could have been argued successfully in his case as well, that argument also fails.  The standard under *Strickland* requires that a defendant receives competent, not cutting edge, appellate counsel:

> The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant.  *See United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995); *see also Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) ("[C]ounsel's performance is not deficient by failing to predict future developments in the law.") (quoting *Wajda v. United States*, 64 F.3d 385, 388 (8th Cir. 1995)).  Nor does the Sixth Amendment require counsel to raise, or even be cognizant of, all potential defenses.  Rather, the Constitution only requires that counsel's assistance "fall[ ] within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689. Precedent from both the Supreme Court and our sister circuits clearly holds that counsel's failure to raise or recognize a potential legal argument does not automatically render counsel's performance constitutionally deficient. "[T]he constitution guarantees criminal defendants only a fair trial and a competent attorney.  It does not insure that defense counsel will recognize and raise every conceivable constitutional claim."  *Murray v. Carrier*, 477 U.S. 478, 486 (1986).

*United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004); *see also Oyague v. Artuz*,

393 F.3d 99, 107 (2nd Cir. 2004) ("We have long said that a defendant is not entitled to representation by a "modern-day Clarence Darrow"—mere competence will suffice."); *Nelson v. United States*, 406 F. Supp. 2d 73, 75 (D.D.C. 2005) (rejecting ineffective assistance of appellate counsel claim because the decision appellate counsel allegedly failed to cite had not yet been issued).

### <u>Conclusion</u>

In the end, Mr. Bosch does not offer any reason for this court to alter or amend or its judgment denying his petition for section 2254 habeas relief.  As a result, his motion to reconsider (doc. 61) is denied.

**IT IS THEREFORE ORDERED BY THE COURT**  that the motion to reconsider (doc. 61) is denied.

**IT IS SO ORDERED** this 17th  day of April, 2006.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge